Richard Eppink (Bar No. 7503)
AMERICAN CIVIL LIBERTIES UNION OF
IDAHO FOUNDATION
P. O. Box 1897
Boise, ID 83701
United States
T: (208) 344-9750 ext. 1202
REppink@acluidaho.org

Debra Groberg (Bar No. 9797)
NEVIN, BENJAMIN, MCKAY &
BARTLETT LLP
303 West Bannock
P.O. Box 2772
Boise, Idaho 83701
T: (208) 343-1000
F: (208) 345-8274
dgroberg@nbmlaw.com

Matthew Strugar
(*pro hac vice* motion forthcoming)
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
T: (323) 696-2299
matthew@matthewstrugar.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE,<br><br>                Plaintiff,<br><br>    v.<br><br>LAWRENCE WASDEN, Attorney General of the State of Idaho; KED WILLIS, Colonel of the Idaho State Police, LELIA MCNEIL, Bureau Chief of the Idaho State Police Bureau of Criminal Investigation; and THE INDIVIDUAL MEMBERS OF THE IDAHO CODE COMMISSION, all of the above in their official capacities,<br><br>                Defendants. | Case No.:<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## Nature of Action

1.     In 2003, the Supreme Court held that the right to engage in certain intimate sexual conduct, historically known as sodomy, is constitutionally protected pursuant to the Fourteenth Amendment as a matter of substantive due process. *See generally Lawrence v. Texas*, 539 U.S. 558 (2003). In *Lawrence*, the Supreme Court explicitly overruled its prior precedent, *Bowers v. Hardwick*, 478 U.S. 186 (1986), that had held that such intimate sexual conduct received no constitutional protection. *Lawrence*, 539 U.S. at 578. In the words of the Court, *Bowers*—a facial challenge to Georgia's sodomy prohibition—"was not correct when it was decided, and it is not correct today. It ought not to remain binding precedent. *Bowers v. Hardwick* should be and now is overruled." *Id*. In so doing, the Supreme Court facially invalidated all sodomy statutes, including Idaho's.

2.     Despite this clear proclamation made nearly two decades ago, Idaho continues to enforce its criminal statute prohibiting sodomy, titled Crime Against Nature, Idaho Code § 18-6605. Specifically as to this case, it requires people convicted of Crime Against Nature to register as sex offenders and suffer myriad, onerous prescriptions on their everyday life pursuant to Idaho's Sexual Offender Registration Notification and Community Right-to-Know Act, Idaho Code § 18-8301 *et seq*. ("registration law"). Idaho also requires people convicted of violating sodomy prohibitions in other jurisdictions to comply with Idaho's registration law, whether or not those prohibitions are registerable offenses in the original jurisdiction. This is so despite the fact that Idaho's Crime Against

Nature statute is indistinguishable from the sodomy statutes struck down as facially unconstitutional by the Supreme Court in *Lawrence*.

3.      Idaho's sex offender registration law places numerous requirements upon the public and personal lives of registrants. Registrants' pictures and personal information are displayed on a publically-accessible state website. Registrants are forced to relinquish a trove of personal information and face restrictions on where they can live and even wander.

4.      John Doe has been forced onto the Idaho Sex Offender Registry for a conviction from before *Lawrence* under another state's Crime Against Nature statute that Idaho deems equivalent to a conviction for Idaho's Crime Against Nature statute, I.C. § 18-6605. He is subject to sex offense registration restrictions pursuant to a facially unconstitutional statute. He suffers severely under the sex offender label, which imposes a significant barrier to finding employment and participating in his community, and involves the state in the daily management of his life.

5.      Doe brings this action to prevent the continued application and enforcement of Idaho's Crime Against Nature prohibition, I.C. § 18-6605. Specifically, Doe seeks a declaration that 1) Idaho's Crime Against Nature prohibition, I.C. § 18-6605, is facially unconstitutional as to activity between human beings and as applied to Doe; 2) the portion of Idaho Code § 18-8304(1)(a) which makes Crime Against Nature an offense subject to Idaho's registration law, is facially unconstitutional as to activity between human beings and as applied to Doe; and 3) the portion of Idaho Code § 18-8304(1)(b) which requires registration for convictions from other jurisdictions which are substantial

equivalents to a conviction for Idaho's Crime Against Nature statute is facially unconstitutional as to activity between human beings and as applied to Doe. Doe seeks injunctive relief against state and county officials from continuing to enforce the above-enumerated statutes compelling Defendants to remove Doe from the Sex Offender Registry, expunge all records signaling his past inclusion on the registry, and/or enjoining Defendants from administering and enforcing the registry law as to Crime Against Nature convictions or out-of-state equivalents and as to Doe.

## Parties

**Plaintiff**

6.     John Doe is a resident of Idaho.

**Defendants**

7.     Lawrence Wasden is the Attorney General of Idaho. As Attorney General, Wasden oversees the enforcement of Idaho's criminal statutes. He is sued in his official capacity and resides in Idaho.

8.     Ked Willis is the Colonel of the Idaho State Police ("ISP"). The ISP is vested with authority to enforce Idaho's Sexual Offender Registration Notification Act, I.C. § 18-8301 *et seq*. He is sued in his official capacity and resides in Idaho.

9.     Lelia McNeil is the Bureau Chief of the ISP Bureau of Criminal Investigation ("BCI"). The BCI is responsible for administering and maintains the Idaho Sex Offender Registry. To facilitate both registration and its enforcement, employees within the BCI communicate with both federal and other state agencies, offices and contractors regarding offender information,

4

including the Federal Bureau of Investigation, the U.S. Marshals Service, jurisdictions to and from which individuals registered in Idaho move, and Idaho law enforcement. In addition to maintaining the online registry, BCI is also the state agency that disperses information about the registry to the public. McNeil is sued in her official capacity and, on information and belief, resides in Idaho.

10.     The individual members of the Idaho Code Commission (Defendants Daniel Bowen, Andrew Doman, and Jill Holinka) are also sued in their official capacity and all reside in Idaho. The Idaho Code Commission is an office of the Secretary of State established by statute. Idaho Code §§ 73-201–73-221. The Commission's purpose is to keep the Idaho Code up to date by indicating changes to laws, including constitutional changes, and providing annotations, and the Commission has all power and authority necessary to accomplish that purpose. It has the specific power to keep the Idaho Code up to date, to provide annotations to the Code, and to provide references in the Code to decisions of the federal courts. Idaho Code § 73-205. These Defendants are referred to in this Complaint collectively as the "Idaho Code Commission Defendants."

11.     Each of the Defendants is a person within the meaning of 42 U.S.C. § 1983 and acted and continue to act under color of state law as to the allegations in this complaint.

## Jurisdiction and Venue

12.     Doe's claims are brought pursuant to 42 U.S.C. § 1983 and under the Fourteenth Amendment to the United States Constitution.

13.     This Court has jurisdiction to hear Doe's claims pursuant to 28 U.S.C. §§ 1331, 1343 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

14.     Venue is proper in the United States Court for the District of Idaho under 28 U.S.C. § 1391(b)(2) because Doe resides in this judicial district, and because a substantial part of the acts that gave rise to this lawsuit occurred principally in this judicial district. This District is also an appropriate venue under 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district.

## Statement of Facts

**Statutory Overview**

15.     Idaho's Crime Against Nature statute criminalizes consensual oral and anal sex.

16.     Idaho's Crime Against Nature statute, I.C. § 18-6605, states, in full, "[e]very person who is guilty of the infamous crime against nature, committed with mankind or with any animal,[1] is punishable by imprisonment in the state prison not less than five years."

17.     Idaho's prohibition on oral and anal sex has existed in virtually the same form since Idaho was a territory. The revised codes of 1887 held that

---

[1] Doe confines his challenge to the portion of the Crime Against Nature statute barring a "crime against nature[] committed with mankind" and does not address the portion of the statute criminalizing sexual conduct "with any animal."

"[e]very person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the Territorial prison not less than five years." *Ex parte Miller*, 23 Idaho 403, 405, 129 P. 1075, 1075 (1913) (quoting sec. 6810, Rev. Stats. of 1887).

18.     In 1913, the Idaho Supreme Court found that the punishment for having oral or anal sex could not include execution but could include life imprisonment. *Id.*, 23 Idaho at 406, 129 P. at 1076.

19.     From 1955 to 1957, the Crime Against Nature statute was the primary legal tool for the "The Boys of Boise" affair—one of the most virulent anti-gay witch hunts in American history. *See generally* John Gerassi, The Boise of Boise: Furor, Vice, and Folly in an American City (2001); Bill Dentzer, *How did 1955 Boys of Boise scandal affect the city and Idaho?*, Idaho Statesman (Oct. 24th 2015), *available at* https://www.idahostatesman.com/news/local/article41367867.html. After questioning more than 1,500 people and convicting 15, the Idaho Supreme Court upheld the convictions in a series of three opinions. In *State v. Wilson*, 78 Idaho 385, 388, 304 P.2d 644, 646 (1956), the Court referred to the defendant's consensual activity as a "crime committed against society" and affirmed his sentence because he was "an habitual, persistent homosexual offender." In *State v. Larsen*, 81 Idaho 90, 98, 337 P.2d 1, 6 (1959), the Court upheld the conviction after the defendant challenged the prosecutor's argument that "urged the jurors to enforce the law and to halt an outbreak of homosexual practices in the city." And in *State v. Moore*, 78 Idaho 359, 363, 304 P.2d 1101, 1103–04 (1956), that Court affirmed the denial of probation to one of the defendants because "the State made a showing of various forms of

homosexual activity on the part of the accused, extending over a period of twelve or thirteen years."

20.     With the new criminal code in the early 1970s, Idaho enacted I.C. § 18-6605. Unchanged since the prohibition's inception over a century ago (save updating "Territorial" to "state" prison), I.C. § 18-6605 today continues to prohibit sex acts traditionally associated with homosexuality—oral and anal sex.

21.     Idaho's Crime Against Nature statute is indistinguishable in all material respects from the Texas and Georgia statutes declared unconstitutional in *Lawrence*. The Texas statute at issue in *Lawrence* prohibited "engag[ing] in deviate sexual intercourse with another individual of the same sex," Tex. Penal Code Ann. § 21.06(a) (2003), and defined "[d]eviate sexual intercourse" as "(A) any contact between any part of the genitals of one person and the mouth or anus of another person; or (B) the penetration of the genitals or the anus of another person with an object." Tex. Penal Code Ann. § 21.01(1) (2003). The Georgia statute at issue in *Bowers v. Hardwick*, which *Lawrence* declared facially unconstitutional, 539 U.S. at 578, prohibited "sodomy," and defined "sodomy" as "any sexual act involving the sex organs of one person and the mouth or anus of another." Official Code of Ga. Ann. (O.C.G.A.) § 16-6-2 (1984).

**Idaho Registry Statute**

22.     Idaho passed the initial version of the Sex Offender Registration Act in 1993. I.C. § 18-8301 *et seq.* (1993). Crime Against Nature was included as one of the original ten registerable offenses. I.C. § 18-8303(1)(a) (1993).

23.     In 1998, the Legislature repealed the original Sex Offender Registration Act and replaced it with the "Sexual Offenders Registration

Notification and Community Right-to-Know Act," which, in amended form, continues to operate today. I.C. § 18-8301 *et seq*. The Legislature intended the new law to expand public access to registry information. I.C. § 18-8302. The new law also included, and to this day includes, Crime Against Nature as a registerable offense. I.C. § 18-8403(1)(a).

24.     Idaho imposes registration requirements not only for people convicted in Idaho for violating the Crime Against Nature statute, but also for out-of-state crimes that Idaho deems a substantial equivalent to Idaho's Crime Against Nature statute. I.C. § 18-8304(1)(b).

25.     Mandating sex offender registration for Crime Against Nature convictions (or out-of-state convictions considered to be a substantial equivalent of the Crime Against Nature Statute) requires registration for activity that is squarely protected by the Fourteenth Amendment and pursuant to an unconstitutional statute.

**Registration Requirements**

26.     The information that offenders are required to report upon registration is encyclopedic in scope. The list includes current and former names, including nicknames, pseudonyms, and ethnic or tribal names; email addresses, "instant messaging" address, and any other every online identity or screen name used for electronic communications; complete physical description including scars and tattoos; date of birth; social security number; residential address and a physical description of the residence; name and address of any school the registrant attends; description and license plate number of any vehicle used for personal or employment use; telephone number; addresses of employment and

volunteer positions; information related to any professional licenses; passport information; a photocopy of any driver's license or identification card; fingerprints; and a photograph. I.C. § 18-8305(1)(a–p).

27.    All registrants must pay their county sheriff $80 a year. I.C. § 18-8307(2).

28.    Registrants are prohibited from applying or obtaining employment at a day care center, group day care facility, or family day care home. I.C. § 18-8327(1). In fact, registrants are prohibited from being on premises of a day care center, group day care facility, or family day care home while children are present, other than to drop off or pick up their own child or children. *Id*.

29.    Absent certain limited exceptions, registrants are prohibited from living within five hundred of a school used by children. I.C. § 18-8329(1)(d).

30.    Registrants are prohibited from picking up or dropping off their own children at school absent prior notification and annual written approval of the school. I.C. § 18-8329(2). School districts can impose stricter rules for registrants who wish to pick up or drop off their children at school. I.C. § 18-8329(4).

31.    The law mandates that every registrant register for their entire lifetime, including people who registered for a conviction of Crime Against Nature. I.C. § 18-8307(7).

32.    The Idaho State Police disseminate information collected from each registrant to the United States Attorney General, schools and public housing agencies in the area where the registrant resides, volunteer organizations that work with kids or vulnerable adults in the area where the registrant resides, and anyone else who asks for information. I.C. § 18-8324(1).

33.    Failing to register is a felony punishable by up to 10 years and $5,000. I.C. § 18-8311(1).

34.    Doe is subject to all of the above restrictions as a result of an out-of-state equivalent conviction for Crime Against Nature, I.C. § 18-6605—a statute that is unconstitutional on its face.

35.    Requiring Doe to register as a sex offender for a conviction for an out-of-state substantial equivalent to Crime Against serves no legitimate purpose. The mandate that he be subject to the harsh requirements of the sex offender registry law is unjustifiable and unconstitutional.

**Facts Specific to Doe**

36.    Doe has exactly one criminal conviction that the State relies on to force him to register. Prior to the United States decision in *Lawrence* striking down statutes criminalizing oral and anal sex, Doe was charged by information in another state under that state's Crime Against Nature statute. The entire allegation against Doe in the charging document is that he committed a "crime against nature on [his wife], to wit: oral sex."

37.    Doe pleaded guilty to having oral sex.

38.    The state in which Doe pleaded guilty did not at the time and still does not require people with convictions under the state's Crime Against Nature statute to register as sex offenders.

39.    Earlier this year, Doe was released under supervision from the Idaho Department of Corrections, where he had been serving a sentence for a non-registrable offense. Although *Lawrence v. Texas*, 539 U.S. 558 (2003), had been decided *fifteen* years before, his Idaho Department of Corrections case

11

worker advised him that his Crime Against Nature conviction triggered the requirement to register.

40.    Doe suffers continuing harm as a result of the continued application of Idaho's Crime Against Nature statute, I.C. § 18-6605, and the registration requirements imposed by I.C. § I.C. § 18-8304(1)(a) & (b).

## First Cause of Action

### Fourteenth Amendment: Due Process
### 42 U.S.C. § 1983

41.    Doe incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

42.    Doe brings this claim against all Defendants in their official capacities.

43.    Defendants' maintenance, administration, and enforcement of the registry law with respect to Doe violates Plaintiffs' rights to due process under the Fourteenth Amendment of the United States Constitution and the clear mandate of *Lawrence v. Texas*.

44.    All Defendants' actions are under color of law and enabled by their authority as state officers.

45.    Doe has no adequate remedy at law or other effective means of enforcing his Fourteenth Amendment right to due process other than by seeking declaratory and injunctive relief from the Court.

46.    Doe is entitled to declaratory relief in the form of this Court ruling that Idaho Code § 18-6605 is facially unconstitutional and unenforceable in any situation involving conduct between human beings.

47.     Doe is entitled to injunctive relief in the form of this Court enjoining the Defendants from enforcing Idaho Code § 18-6605 in any situation involving conduct between human beings.

48.     Doe is entitled to declaratory relief in the form of this Court ruling that Idaho Code § 18-6605 is unconstitutional and unenforceable as applied to Doe's prior conviction under another state's Crime Against Nature statute.

49.     Doe is entitled to injunctive relief in the form of this Court enjoining Defendants from enforcing Idaho Code § 18-6605 as applied to Doe's conviction under another state's Crime Against Nature statute.

50.     Because Idaho Code § 18-6605 is unconstitutional, and because Idaho Code §§ 18-8304(1)(a) and (b) are unconstitutional as to Crime Against Nature convictions involving conduct between human beings, the Idaho Code misleads and deceives law enforcement officers, other government actors, and the general public about the requirements of the law. The publication of Idaho Code §§ 18-6605 and 18-8304(1)(a) and (b) in the official Idaho Code without clear notice stating that the law is unconstitutional and unenforceable coerces compliance with the law despite its unconstitutionality and illegality and promotes unconstitutional and illegal enforcement of the law by law enforcement officers and other government actors.

51.     The lack of fair notice of the unconstitutionality and unenforceability of Idaho Code §§ 18-6605 and 18-8304(1)(a) and (b) in the Idaho Code violates the due process clause of the Fourteenth Amendment to the U.S. Constitution.

52.     Doe is entitled to injunctive relief requiring defendants to publish

clear notice in the official Idaho Code of the Act's unconstitutionality and
unenforceability.

53.     Doe is also entitled to a declaratory judgment declaring that official
publication of Idaho Code §§ 18-6605 and 18-8304(1)(a) and (b) without clear
notice of those provisions' unconstitutionality and unenforceability is
unconstitutional.

54.     As a result of Defendants' unlawful conduct, Doe is suffering harm,
including embarrassment, humiliation, shame, fear, loss of opportunity
(including, but not limited to, career, professional, economic, housing,
educational, and social opportunities), and stigma.

## Request for Relief

Doe respectfully requests an order and judgment:

1.  Declaring that Idaho Code § 18-6605 is unconstitutional on its face as it
    relates to activity between human beings;

2.  Declaring that the portion of Idaho Code § 18-8304(1)(a) which makes
    Crime Against Nature an offense subject to Idaho's registration law, is
    facially unconstitutional insofar as it requires individuals convicted of
    Crime Against Nature involving activity between human beings to
    register as sex offenders;

3.  Declaring Idaho Code § 18-8403(1)(b), which makes convictions from
    other jurisdictions which are substantial equivalents to a conviction for
    Idaho's Crime Against Nature statute, is facially unconstitutional as to
    activity between human beings which makes Crime Against Nature an
    offense subject to Idaho's registration law, is facially unconstitutional

14

insofar as it requires individuals convicted of a substantial equivalent of Idaho's Crime Against Nature statute for activity between human beings to register as a sex offender;

4.   Declaring that Defendants' actions violate the Doe's rights under the Fourteenth Amendment to the United States Constitution;

5.   Declaring that official publication of Idaho Code § 18-6605 without clear notice of the provision's unconstitutionality and unenforceability is unconstitutional;

6.   Preliminarily and permanently enjoining Defendants from enforcing Idaho Code § 18-6605 in any situation involving activity between human beings;

7.   Preliminarily and permanently enjoining Defendants from enforcing Idaho Code § 18-8304(1)(a) for people with conviction for Idaho's Crime Against Nature statute, Idaho Code § 18-6605, for any situation involving activity between human beings;

8.   Preliminarily and permanently enjoining Defendants from enforcing Idaho Code § 18-8304(1)(a) in any situation in which a conviction in another jurisdiction is considered a substantial equivalent to Idaho's Crime Against Nature statute, Idaho Code § 18-6605, in any situation involving activity between human beings;

9.   Preliminarily and permanently enjoining Defendants from requiring Doe to register as a sex offender in Idaho as to his prior conviction under another state's Crime Against Nature statute;

10. Preliminarily and permanently enjoining the individual members of the Idaho Code Commission and their employees, agents, appointees, and successors to publish clear notice about the unconstitutionality, unenforceability, and nullity of Idaho Code §§ 18-6605 and 18-8304(1)(a) and (b);

11. Ordering Defendants to permanently remove Doe from the Idaho Sex Offender Registry;

12. Ordering Defendants to expunge all state records indicating that Doe was registered on the Idaho Sex Offender Registry;

13. Ordering Defendants to alert all agencies who were provided information about Doe's registration (including courts, police departments, sheriff's departments, and the Federal Bureau of Investigation) that this information is no longer valid;

14. Ordering Defendants to cease and desist from placing any individuals convicted under the Crime Against Nature statute or conviction from another jurisdiction deemed to be a substantial equivalent to a Crime Against Nature conviction in any situation involving activity between human beings on the Idaho Sex Offender Registry;

15. Ordering Defendants to inform all relevant local, state, and federal agencies that convictions for Crime Against Nature in any situation involving activity between human beings or any conviction from another jurisdiction deemed to be a substantial equivalent to a Crime Against Nature conviction for activity between human beings are no longer registrable offenses in Idaho;

16

16. Waiving the requirement for the posting of a bond as security for entry of temporary or preliminary injunctive relief;

17. Awarding Plaintiff his costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and other applicable laws; and

18. Ordering such other relief as this Court deems just and proper.


Date:  9/23/2020          Respectfully submitted,

                          /s/ Richard Eppink
                          Richard Eppink
                          AMERICAN CIVIL LIBERTIES UNION OF IDAHO
                          FOUNDATION


                          Debra Groberg
                          NEVIN, BENJAMIN, MCKAY & BARTLETT LLP

                          Matthew Strugar
                          (*pro hac vice* motion forthcoming)
                          Law Office of Matthew Strugar