Richard Eppink (Bar No. 7503)
AMERICAN CIVIL LIBERTIES UNION OF
IDAHO FOUNDATION
P. O. Box 1897
Boise, ID 83701
United States
T: (208) 344-9750 ext. 1202
REppink@acluidaho.org

Debra Groberg (Bar No. 9797)
NEVIN, BENJAMIN, MCKAY & BARTLETT
LLP
303 West Bannock
P.O. Box 2772
Boise, Idaho 83701
T: (208) 343-1000
F: (208) 345-8274
dgroberg@nbmlaw.com

Matthew Strugar
(*pro hac vice* motion forthcoming)
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
T: (323) 696-2299
matthew@matthewstrugar.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE,<br><br>  Plaintiff,<br><br>  v.<br><br>LAWRENCE WASDEN, et al,<br><br>  Defendants. | Case No.:<br><br>**BRIEF IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM** |

**PRELIMINARY STATEMENT**

Plaintiff moves to proceed under a pseudonym because he faces significant harm if his true identity is exposed. Plaintiff alleges his continued placement on the Idaho Sex Offender Registry violates the Fourteenth Amendment. Federal courts regularly permit plaintiffs to proceed under pseudonyms in such circumstances, particularly where they challenge government action and where the government and the public will face minimal if any prejudice should the plaintiff's identity be hidden from view.

When deciding whether to grant a motion to proceed under a pseudonym, courts must weigh the harm to the Plaintiff if his identity is disclosed against the prejudice to Defendants or the public interest in the litigant's identity. Plaintiff challenges the constitutionality of the Crime Against Nature statute, Idaho Code § 18-6605, and the Idaho's Sexual Offender Registration Notification and Community Right-to-Know Act's, Idaho Code § 18-8301 *et seq.* ("registration law"), requirement that those with convictions for Crime Against Nature or out-of-state equivalents register as sex offenders. His identity has no bearing on the legal question regarding the validity of these laws.

Neither Defendants nor the public interest will not be harmed should Plaintiff' proceed using a pseudonym. Plaintiff, on the other hand, faces significant harm, including extreme humiliation and potential retaliation, should his identity be disclosed. The balance of factors favors permitting Plaintiff to proceed under a pseudonym so that his claim can be litigated fully and without risk of significant

harm.

## BACKGROUND

As discussed in detail in Plaintiff's Motion for a Preliminary Injunction, Plaintiff is an Idaho resident who is required to register as a sex offender because of a 20-year-old out-of-state conviction under a law the Defendants deem is equivalent to Idaho's Crime Against Nature statute.

As a result of the requirement that he register, Plaintiff faces daily prohibitions on numerous aspects of community and family life. It is widely acknowledged that registered sex offenders face serious repercussions when their identities are revealed. These harms would only be compounded by the opprobrium and notoriety Plaintiff would face if his identity as a litigant were exposed because of the public nature of this constitutional challenge.

## ARGUMENT

### I.     The Standard for Granting Pseudonymity.

While the Federal Rules generally require complaints to include the names of all parties, Fed. R. Civ. P. 10(a), the district courts have the discretion to accommodate a Plaintiff's need to proceed pseudonymously "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068–69 (9th Cir. 2000).

Courts, including the Ninth Circuit, also "have permitted plaintiffs to use pseudonyms . . . when identification creates a risk of retaliatory physical or mental harm" and "the need for anonymity outweighs prejudice to the opposing party and

the public's interest in knowing the party's identity." *Advanced Textile*, 214 F. 3d at 1068.

The Second Circuit, collecting cases from the Fourth, Sixth, Ninth, Tenth, and Eleventh Circuits, has set forth a list of ten "non-exhaustive" factors that courts use to grant or deny pseudonymity:

> (1) whether the litigation involves matters that are '*highly sensitive and [of a] personal nature*'; (2) 'whether identification poses *a risk of retaliatory physical or mental harm* to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties'; (3) whether identification presents other harms and the likely severity of those harms, including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity'[;] (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) *whether the suit is challenging the actions of the government or that of private parties*; (6) *whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously*, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) *whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity*; (9) '*whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities*'; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff v. Sealed Defendant No. 1*, 537 F.3d 185, 190 (2d Cir. 2008) (internal citations omitted) (emphases added).

A litigant need not show that he meets all or even most factors used in evaluating the need for pseudonymity; rather, the court must balance these factors, weighing the plaintiff's harm if he is exposed against the prejudice if his identity

3

remains hidden from public view. Notably, courts in the Ninth Circuit have permitted plaintiffs to pursue constitutional claims under pseudonyms, where, as here, they are challenging their inclusion on sex offender registries. *See, e.g.*, *Doe v. Harris*, 640 F.3d 972, 974 n.1 (9th Cir. 2011); *Doe v. Kerry*, No. 16-cv-0654-PJH, 2016 U.S. Dist. LEXIS 130788 (N.D. Cal. Sep. 23, 2016).

## II. The Balance of Factors Favors Permitting Plaintiff to Proceed Under a Pseudonym.

Safeguarding Plaintiff's identity is warranted here. First, the core issues being litigated–the validity of Idaho's Crime Against Nature statute and the accompanying requirement that those with convictions for Crime Against Nature or out-of-state equivalents register as sex offenders–are of a purely legal nature, rendering the public interest in Plaintiff's identity particularly weak. Second, the issues Plaintiff raises are highly sensitive in nature, and he faces opprobrium and threats of reprisals if his identity is disclosed.

### A. Plaintiff's Challenge to the Unnatural Intercourse Statute and its Enforcement through the Idaho Sex Offender Registry Presents Legal Issues and the Public Interest Is Not Advanced by Revealing Plaintiff's Identity.

Plaintiff alleges Defendants have subjected him to the Idaho Sex Offender Registry in violation of the Due Process Clause of the Fourteenth Amendment. Because the Crime Against Nature statute and the accompanying registration requirements facially violate the Fourteenth Amendment under established Supreme Court precedent, Plaintiff's identity is not relevant to the merits of the case. The core issues in this case are thus "purely legal in nature," and the public

4

has an "atypically weak interest" in his name. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008)

The Crime Against Nature statute simply prohibits oral and anal sex and contains no further elements such as coercion, commercial activity, or public conduct. I.C. § 18-6605. The mere fact of a Crime Against Nature conviction (or out-of-state equivalent), with nothing else, requires sex offender registration. I.C. § 18-8304(1)(a) & (b). As analyzed more fully in Plaintiff's Motion for a Preliminary Injunction, Idaho requires such registration despite the fact that in 2003, the Supreme Court in *Lawrence v. Texas*, 539 U.S. 558 (2003), found that laws that criminalized oral and anal sex and included no additional elements violate the Due Process Clause of the Fourteenth Amendment. *Id*. at 578–79. As the Supreme Court summarized in *Obergefell v. Hodges*, "*Lawrence* invalidated laws that made same-sex intimacy a criminal act." 576 U.S. 644, 667 (2015). *See also MacDonald v. Moose*, 710 F.3d 154, 166 (4th Cir. 2013) *cert. denied*, 134 S. Ct. 200 (2013) (holding that "because the invalid Georgia statute in *Bowers* [*v. Hardwick*] is materially indistinguishable from the anti-sodomy statute being challenged [in Virginia], the latter likewise does not survive the *Lawrence* decision."). Thus, there can be no constitutional application of a sodomy statute—like Idaho's—that is analogous to those at issue in both *Lawrence* and *Bowers* as the Supreme Court expressly invalidated them on their face.

The core issue in this case is whether the Crime Against Nature statute and its enforcement through the Idaho Sex Offender Registry are facially invalid after

5

*Lawrence*. This legal question does not depend on Plaintiff's identity. *Sealed Plaintiff*, 537 F.3d at 190. In short, his identity is immaterial to the legal issues presented by this case and needs not be publicly disclosed.

### B. Plaintiff's Identity Is of a Highly Sensitive Nature, and if Revealed Could Pose Risks of Significant Harm.

Identification as a sex offender is accompanied by intense stigma, humiliation, and the "public opprobrium" that justifies a grant of pseudonymity. *Stegall,* 653 F.2d at 185. Indeed, *Lawrence* itself makes clear that the stigma of sex offender registration requirements is one of the devastating results of unconstitutional sodomy convictions: "The stigma the statute imposes, moreover, is not trivial. . . . [T]he convicted person would come within the [sex offender] registration laws of at least four States were he or she to be subject to their jurisdiction." 539 U.S. at 575 (citing the sex offender registration laws of four states, including Idaho, as, *inter alia*, a rationale for striking down sodomy statutes). The registration requirements that attend sodomy convictions "underscore[] the consequential nature of the punishment and the state-sponsored condemnation attendant to the criminal prohibition." *Id*.

As a result, numerous courts have permitted registered sex offenders filing challenges to aspects of the sex offender registry to proceed under pseudonyms. *See, e.g., Harris*, 640 F.3d at 974 n.1; *Doe v. City of Albuquerque,* 667 F.3d 1111, 1115 n.1 (10th Cir. 2012) (noting that registered sex offender was permitted to bring suit because "he fears retaliation"); *Doe v. Jindal,* 851 F. Supp. 2d 995 (E.D. La. 2012)

6

(permitting pseudonyms in equal protection challenge to placement on sex offender registry).

That Plaintiff is already required to register in Idaho does not undermine his position; he is among hundreds of Idaho residents complying with the registration law, and they attract no particular publicity unless neighbors or acquaintances take affirmative steps to research their status. And it is well-documented and acknowledged that individuals registered as sex offenders face very serious, and potentially deadly, consequences when their identities are revealed. *See* HUMAN RIGHTS WATCH, NO EASY ANSWERS: SEX OFFENDER LAWS IN THE U.S. 86–92 (2007) *available at* https://www.hrw.org/report/2007/09/11/no-easy-answers/sex-offender-laws-us (documenting harassment, intimidation, physical assault, and killings of registered sex offenders around the United States); *E.B. v. Verniero*, 119 F.3d 1077, 1102 (3d Cir. 1997) (incidents targeting registered sex offenders "happen with sufficient frequency and publicity that registrants justifiably live in fear of them"). Plaintiff will face continual fear of harassment if exposed as a litigant in the instant case. Where "participation in [a] lawsuit" would result in an "exponentially greater risk of harassment," *Lozano v. City of Hazleton*, 620 F.3d 170, 195 (3d Cir. 2010) (internal citations omitted), a plaintiff should be permitted to proceed under a pseudonym.

Furthermore, revealing Plaintiff's true identity will not add to the Court or the public's understanding of those issues. "[I]t is difficult to see 'how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this

7

case.'" *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2020) (quoting *Advanced Textile*, 214 F.3d at 1072). The facts presented are sufficient to provide the public information about the genesis for the case without disclosing Plaintiff's identity.

## CONCLUSION

As a registered sex offender challenging Idaho's Crime Against Nature law and the Idaho law requiring registration for Crime Against Nature convictions (and equivalent out-of-state convictions), Plaintiff faces serious repercussions if his identity is revealed. Granting this motion will not prejudice the Defendants or the public. For these reasons, Plaintiff respectfully requests that this Court grant his Motion to Proceed Under Pseudonym.


Date: 9/23/2020  Respectfully submitted,

/s/ Richard Eppink
Richard Eppink
AMERICAN CIVIL LIBERTIES UNION OF IDAHO FOUNDATION


Debra Groberg
NEVIN, BENJAMIN, MCKAY & BARTLETT LLP

Matthew Strugar
(*pro hac vice* motion forthcoming)
Law Office of Matthew Strugar