LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L OLSEN
Chief of Civil Litigation Division

LESLIE M. HAYES, ISB #7995
Deputy Attorney General
Civil Litigation Division
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
leslie.hayes@ag.idaho.gov
Attorney for Defendants

STEPHANIE C. NEMORE, ISB # 9080
Deputy Attorney General
Idaho State Police
700 South Stratford Drive
Meridian, Idaho  83642
Telephone: (208) 884-7050
Facsimile: (208) 884-7228
stephanie.nemore@isp.idaho.gov
Attorney for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE and RANDALL MENGES,<br><br>     Plaintiffs,<br><br>vs.<br><br>LAWRENCE WASDEN, Attorney General of the State of Idaho; KEDRICK WILLS, Colonel of the Idaho State Police Bureau of Criminal Investigation; LEILA MCNEILL, Bureau Chief of the Idaho State Police Bureau of Criminal Investigation and the INDIVIDUAL MEMBERS OF THE IDAHO CODE COMMISSION, all of the above in their official capacities,<br><br>     Defendants. | Case No. 1:20-cv-00452<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6)**<br><br>**REDACTED** |

Defendants Lawrence Wasden,[1] Colonel Kedrick Wills, Leila McNeill, and Members of the Idaho Code Commission, by and through their counsel of record, Deputy Attorney General Leslie M. Hayes, hereby submit Defendants' Memorandum in Support of Renewed Motion to Dismiss.  Defendants respectfully request the Court dismiss this matter pursuant to Rule 12(b)(1) and 12(b)(6), with prejudice.  The First Amended Complaint for Declaratory and Injunctive Relief suffers the same defects as the original complaint.

## I.    INTRODUCTION

Plaintiffs John Doe and Randall Menges filed a Complaint for Declaratory and Injunctive Relief and seek to have this Court find that in light of *Lawrence v. Texas*, 539 U.S. 558 (2003), the Crime Against Nature statute, Idaho Code § 18–6605, is facially unconstitutional in all circumstances involving humans, including non-consenting sexual activity and sexual activity with children.  Doe's request would leave vulnerable several individuals in the State of Idaho who are protected by Idaho Code § 18–6605, including, most recently, a female in Idaho who was orally raped on Christmas day in 2017.  *State v. Gomez-Alas*, 2020 WL 5228134, *20 (September 2, 2020).  Defendants ask this Court to dismiss this matter pursuant to Rules 12(b)(1) and 12(b)(6) because *Lawrence* did not strike down all Crime Against Nature statutes in every circumstance; it simply limited its application to be unconstitutional as applied to consensual and private adult activity.  *See Anderson v. Morrow*, 371 F.3d 1027, 1032–33 (9th Cir. 2004); *Erotic Serv. Provider Legal Educ. and Research Project v. Gascon*, 880 F.3d 450, 456 (9th Cir. 2018); *see also Cook v.*

---

[1] Attorney General Wasden does not raise for purposes of this brief any arguments related to sovereign immunity; however, Attorney General Wasden is not waiving any such arguments.  "A plaintiff, . . . is not free to randomly select a state official to sue in order to challenge an allegedly unconstitutional statute.  Instead, the individual state official sued 'must have some connection with the enforcement of the act.'" *Idaho Building and Const. Trades Council, AFL-CIO v. Wasden,* 32 F.Supp.3d 1143, 1148 (D. Idaho 2014) (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)).  Attorney General Wasden reserves the right to put forward this defense from suit in future filings, if necessary.

MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6) - 2

*Reinke*, 2011 WL 184300, *3–4 (9th Cir. 2011) (unpublished decision) ("a defendant's conviction in Idaho for the infamous crime against nature based solely on private and consensual homosexual activity would be unconstitutional.").[2]

Doe and Menges are correct that if Idaho were applying Idaho Code § 18–6605 as a basis for conviction or registration for consensual sex acts between adults, a constitutional concern would be raised. But that is not the case here. Neither Doe nor Menges has alleged that the sex was consensual; Menges has not alleged that his conviction arose from having sex with consenting male adults. That is because there is no evidence that Doe's conviction was consensual and there is no evidence that Menges's conduct was with consenting adults.[3]

Nonconsensual sex acts and acts with children are well within the constitutional bounds for crimes against nature statutes and thus this case should be dismissed. The case should be dismissed because (1) Idaho Code § 18–6605 can be constitutionally applied in many cases, and therefore survives a facial attack; (2) Plaintiffs cannot demonstrate that their procedural due process rights were violated; (3) the complaint fails to state a claim as to substantive due process rights; (4) neither Idaho Code § 18–6605, nor the Sex Offender Registration Act (SORA), are impermissibly vague; and (5) Menges has failed to allege a claim under the Equal Protection Clause.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

---

[2] While Plaintiff previously pointed out that *Cook v. Reinke,* does not present binding precedents, there is nothing inappropriate about citing this source pursuant to Local Rule 36-3(b) and FRAP 32.1 for the Court's consideration. *See* Dkt. 27 at 8.

[3] In fact, if Doe had such evidence, that is precisely the type of information that Doe could have provided to the state district court when he sought judicial review of his requirement to register as a sex offender. *See* Idaho Code § 67–5276. Instead, he prematurely abandoned his challenge. As to Menges, any evidence that his conviction was unconstitutional in light of *Lawrence*, could be the subject of a post-conviction proceeding pursuant to Idaho Code § 19-4901.

MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6) - 3

Plaintiffs Doe and Menges's amended complaint (Dkt. 39) is long on argument, but short on relevant facts. We know Doe and Menges seek sweeping, extraordinary relief, facially nullifying at least two Idaho laws, and requiring state officials to publish the results of this case in the Idaho Code. Dkt. 39, pp.21–24. But, curiously, the complaint tells us almost nothing about Doe and Menges's circumstances.

<u>Plaintiff John Doe</u>

As to Doe, all we know from the complaint is that Doe was convicted of violating some other unidentified state's "crime against nature" statute; Doe later was convicted of a different offense in Idaho, which led to his incarceration; and, upon his release, an Idaho Department of Correction employee told him he was required to register in Idaho's sex offender registry due to his out-of-state "crime against nature" conviction. Dkt. 39, ¶¶ 40–43. Doe tells us that in his out-of-state "crime against nature" conviction he "pleaded guilty to having oral sex," but nothing else. Dkt. 39, ¶ 41. Doe does not tell us whether the sex act was consensual. He does not tell us whether it was a private or public act. He does not explain how it came to be that he was prosecuted, or whether he entered his plea to avoid conviction of more serious charges. He does not tell us whether the unidentified jurisdiction in which he was convicted criminalizes acts committed privately by consenting adults or whether, like Idaho, the "crime against nature" statute has been limited to exclude such private, consenting acts.[4]

Doe also omits important information about Doe's registration process. Doe tells us that he "has been forced onto the Idaho Sex Offender Registry," Dkt. 39, ¶ 4, but offers no details about

---

[4] *See State v. Holden*, 126 Idaho 755, 890 P.2d 341 (Ct. App. 1995) (holding that non-consent is a necessary element of the crimes against nature statute and it cannot be used to criminalize private consensual acts amongst adults). *See also Gomez-Alas*, 2020 WL 5228134, at *6 (Idaho's crimes against nature statute does not apply to consensual acts between adults, but *Lawrence*'s constitutional protection does not apply to nonconsensual sexual acts).

MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6) - 4

his registration process.  He does not tell us whether he sought to challenge his obligation to register under available state administrative or judicial proceedings.

The conspicuous omissions in the Amended Complaint might frustrate legitimate efforts to objectively evaluate these claims.  Fortunately, though, there is a record in Idaho state court that answers many of the questions omitted from the amended complaint.

When Doe was released from incarceration in Idaho, ISP initiated its administrative procedure to determine whether Doe's out-of-state conviction was substantially equivalent to an Idaho offense that requires registration.  *See* IDAPA 11.10.03.012.07.b. (requiring ISP to make substantial equivalence determination); 11.10.03.012.07.c. (permitting ISP to consider "the police report (of the incident related to the sex offense), indictment or information or other lawful charging document, judgment or order (of sex offense conviction), psychosexual evaluation report, and order of probation").  ISP's procedure led to an administrative determination that Doe was required to register.  That determination, in turn, led Doe to file a petition for judicial review and declaratory relief in Idaho State District Court in ██████████.[5]  This Court may take judicial notice of those state court records and consider them in connection with this motion to dismiss. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988 (9th Cir. 2018).

A review of the filings in Doe's Idaho state court action answers at least some of the questions left unanswered in the circumscribed complaint Doe filed in this case.  Initially, a grand jury indicted him for the crime of second degree rape.  AR 0084.  The grand jurors' indictment alleged Doe "unlawfully, willfully, and feloniously did ravish and carnally know ██████████,

---

[5] The ██████████ case is ██████████ County District Court Case No. ██████████  A copy of the case information sheet, available on the iCourt system, is attached as Exhibit 1 for the Court's convenience.  The ██████████ court file contains a copy of the relevant agency record that reflects ISP's determination that Doe is required to register in Idaho.  A copy of that record is attached as Exhibit 2.  Citations to the agency record in Exhibit 2 are reflected in this brief as "AR."

MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6) - 5

by force and against the victim's will."  AR 0084.   Several weeks later, Doe and his defense

attorney agreed to the filing of a hand-written information on a less severe charge, crime against

nature.  *See* AR 0081–82.  That same day, Doe pled guilty to the lesser charge.  *See* AR 0078–79.

Based on the agency record, ISP determined that Doe was required to register in Idaho

because "the criminal elements contained in ███████████████████, Crime

Against Nature are substantially equivalent to those found in Idaho Code § 18–6605, Crime

Against Nature."  AR 0037.  It bears noting that ████████, like Idaho, has limited its crimes

against nature statute and it does not apply to consenting adults.  *See* █████████████

████████   As in Idaho, the ██████████ statute survived a facial challenge and still

applies to non-consensual acts.  *Id.*

Doe challenged ISP's decision by filing a petition for judicial review in ██████████.

AR 0031–34.[6]  The parties fully briefed the appeal, but Doe voluntarily dismissed it on █████

███, just four days before oral argument had been set.  *See* Exhibit 1.  After a ████-week hiatus,

Doe filed this case.

Plaintiff Randall Menges

As to Menges, all we know from the complaint is that he was convicted of Idaho Code §

18–6605 in 1994 and that he is required to register in Idaho pursuant to Idaho Code § 18–

8304(1)(a), (b).  Dkt. 39, ¶¶ 45, 47.  Menges tells us that the basis of his convictions was "for

having sex with two other males."  Dkt. 39, ¶46.  Menges, similarly, does not tell us whether the

act was consensual.  He also omits whether it was a public act or a private act.  Even further, he

---

[6]  "The Registry Rules state the process for appeals of agency decisions, IDAPA 11.10.03.003, and the process for
obtaining and appealing 'substantially equivalent' determinations, IDAPA 11.10.03.012(08)."  *Knox v. State*, 162
Idaho 729, 732, 404 P.3d 1280, 1283 (Ct. App. 2017).

omits whether these unidentified males were adults at the time.  There is no information in the complaint as to whether he pled guilty to the crime or whether he appealed his underlying conviction.  Menges also omits how it came to be that on December 8, 2020, he came to be a "new" registrant for his 1994 conviction with a violent sexual predator designation.[7]

In another fortunate twist, there is an appellate court decision that guides us to some of the omissions for Menges.  *See Menges v. State*, 131 Idaho 137 (1997) (unpublished opinion).[8]  In that decision, we learn that Menges sought post-conviction relief; that his crime "involved sexual acts between Menges and two sixteen-year-old boys[,]" and that Menges's petition was denied by the district court and affirmed by the Idaho Court of Appeals.  Importantly, in his appeal, Menges did not assert that his conviction under Idaho Code § 18–6605 should be reconsidered given the Court of Appeals decision in *State v. Holden*.  *See* 126 Idaho 755, (Ct. App. 1995), which was decided eleven months prior to the filing of the post-conviction petition and held that non-consent is a necessary element of the crimes against nature statute.  This is likely because Menges recognized that an important element was missing: his sexual acts were with children.

<u>Unanswered Questions Related to Both Plaintiffs</u>

Plaintiffs are selective in their discussion of Idaho Code § 18–6605 in their Complaint. They list many older cases, but ignore three more recent cases that limit the statute's application to exclude consensual acts and uphold the statute against facial challenges.  *See Holden*, 126 Idaho 755 (non-consent is a necessary element of the crimes against nature statute, which cannot be used to criminalize private consensual acts amongst adults); *Gomez-Alas*, 2020 WL 5228134, at *6 (Idaho's crime against nature statute does not apply to consensual acts between adults); *Cook*, 146

---

[7] https://www.isp.idaho.gov/sor_id/SOR?id=34035&sz=1280 (Judicial notice is requested).
[8] Attached hereto as Exhibit 3 for ease of the Court's reference.

MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6) - 7

Idaho at 262.  Despite these limiting cases, there is one thing that both Plaintiffs do tell us: they believe the U.S. Supreme Court's decision in *Lawrence*, 539 U.S. 558, "facially invalidated" *all* state "crime against nature" or sodomy laws.  Dkt. 39, ¶1.

Important factual questions remain unanswered in the Amended Complaint that could lead to a different result.  Those unanswered, but critical, questions, include: If Doe's ███████ conviction was based on a consensual sex act, why hasn't he alleged that?  If the sexual act between Menges and the "two other males" involved consenting adults, why hasn't he alleged that?  Those two facts are essential elements of the claim that Idaho Code § 18–6605 and SORA violate *Lawrence* as applied to Plaintiffs, because *Lawrence* itself limits its application to consensual acts only, and excludes from its holding non-consensual acts and acts perpetrated on children.  Equally important, if Doe and Menges believe their crime against nature convictions violate *Lawrence*, why haven't they alleged that they challenged those underlying convictions?  Why should they be allowed to indirectly and collaterally challenge their convictions here, if they haven't made the effort to challenge the convictions directly?

### III.   LEGAL STANDARD

A motion to dismiss based upon a lack of Article III standing is adjudicated under Federal Rule of Civil Procedure 12(b)(1).  *E.g.*, *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011); *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017).  A motion under Rule 12(b)(1) may present either a facial challenge to the pleadings, in which the allegations in the complaint are alleged to be insufficient on their face, or present extrinsic evidence that the court may consider without converting the motion into one for summary judgment—a so called "factual attack".  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6) - 8

A motion to dismiss under Rule 12(b)(6) asserts that the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may assert either that the plaintiff's claim lacks a cognizable legal theory or that there are insufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Although the Court must accept as true all well-pleaded factual allegations in the complaint, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A court is permitted to consider matters attached to the complaint and those relied upon in the complaint where the documents' authenticity is not in question. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (citation omitted) (9th Cir. 2001). The court can also take judicial notice "of the records of state agencies and other undisputed matters of public record." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004); see also Fed. R. Evid. 201; *Lee*, 250 F.3d at 689. A claim is properly dismissed under Rule 12(b)(6) where, taking the well-pleaded facts as true, the plain language of a statute demonstrates the claim is meritless. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## IV.     ARGUMENT

1.     <u>Doe and Menges Lack Standing[9] to Facially Challenge Idaho Code § 18–6605</u>

Doe and Menges are not entitled to either facial or as-applied relief under any of the theories offered in the amended complaint. The determination that Doe and Menges are not entitled to as-applied relief takes the issue of facial relief entirely off the table: "A party has

---

[9] Plaintiff John Doe lacks standing for the reasons outlined in Defendants' prior motion to dismiss (Dkt. 32). As argued there, because Doe was not convicted of a crime under Idaho Code § 18–6605, he cannot directly challenge that statute's constitutionality. Defendants do not waive that argument, however, Defendants have determined it is unnecessary for purposes of this motion.

MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6) - 9

standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights. As a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations." *County Court of Ulster County v. Allen*, 442 U.S. 140, 154–55 (1979) (*citing Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973)). Doe and Menges's as-applied challenge fails because neither of them were prosecuted for protected conduct. Doe has not alleged that his victim consented to the rape,[10] for which he pled guilty to a lesser charge; Menges has not alleged that his victims were adults. Non-consensual sex and sexual activity with children is properly regulated by State law.

Both Doe and Menges's facial challenge against the statute fails because the statute can be constitutionally applied in many applications. To succeed on a facial challenge, "the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987) (emphasis added). *Salerno* is the controlling standard for facial challenges in the Ninth Circuit, and arguments to the contrary have been rejected. *Hecox v. Little*, No. 1:20-CV-00184-DCN, 2020 WL 4760138, at *23 (D. Idaho Aug. 17, 2020); *see also Almerico v. Denney*, 378 F. Supp. 3d 920, 924 (D. Idaho 2019). Further, a motion to dismiss is a proper vehicle for dismissing a facial challenge that fails the *Salerno* test. *Id.* at *24. Facial challenges are disfavored, and "[a]s-applied challenges are the basic building blocks of constitutional adjudication." *Gonzales v. Carhart*, 550 U.S. 124, 168 (2007) (quoting Fallon, *As Applied and Facial Challenges and Third Party Standing*, 113 HARV. L. REV. 1321, 1328 (2000)).

---

[10] Consensual private adult acts have long been determined to be constitutionally protected in Idaho. *See Holden*, 126 Idaho at 762; *Gomez-Alas*, 2020 WL 5228134, *6 ("the district court also recognized there is a constitutional prohibition against criminalizing the private sexual conduct of two consenting adults.")

Doe and Menges ask this Court to facially invalidate Idaho Code § 18–6605 as to all "activity between human beings." Dkt. 39, p. 21. However, many kinds of activity between human beings is unprotected conduct that is commonly criminalized across the county, such as nonconsensual acts, acts involving children, sex acts in public, and prostitution.[11] *Lawrence* was never intended to invalidate criminal convictions for these kinds of acts.

> The present case does not involve minors. It does not involve persons who might be injured or coerced or who are situated in relationship where consent might not easily be refused. It does not involve public conduct or prostitution. . . . The case does involve <u>two adults</u> who, with full and <u>mutual consent</u> from each other, engaged in sexual practices common to a homosexual lifestyle.

*Lawrence*, 539 U. S. at 578 (emphasis added).

*Lawrence* did not strike down all Crime Against Nature statutes in all circumstances. Instead, it put constitutional limitations on the enforcement of criminal statutes when it involves "adults . . . [and the] conduct was in private and consensual." *Id.*, at 564; *see Gascon*, 880 F.3d at 456 ("*Lawrence* has not previously been interpreted as creating a liberty interest that invalidates laws criminalizing prostitution. . . . But whatever the nature of the right protected in *Lawrence*, one thing *Lawrence* does make explicit is that the *Lawrence* case 'does not involve . . . prostitution.'"). Idaho has similarly recognized this limitation to application of Idaho Code 18–6605. *See Gomez-Alas*, at *6 (*citing Lawrence,* 539 U.S. at 578).

Idaho Code § 18–6605 does not criminalize consensual homosexual or heterosexual conduct; but it does criminalize the kinds of acts between humans that *Lawrence* explicitly carved out of its holding. *Holden*, 126 Idaho at 758–62. Idaho Code § 18–6605 may also be constitutionally enforced to prohibit prostitution and sexual acts between adults and minors. *See*

---

[11] While Dkt. 27 highlights other criminal statutes that the State still has to prosecute this conduct that misses the point. As this Court is well aware there are multiple reasons a crime might be charged in a certain way, but pled down to a lesser charge, especially when those crimes involve children or a reluctant victim.

*United States v. Laursen*, 847 F.3d 1026, 1034 (9th Cir. 2017) ("the Supreme Court has recognized that protecting children from sexual abuse and exploitation constitutes a particularly compelling interest of the government."). Because Idaho Code § 18–6605 can be constitutionally enforced in many situations, under the *Salerno* test, it cannot be facially unconstitutional. Therefore, any facial challenge to the statute should be dismissed.

3.    <u>Plaintiffs Failed to State a Claim that their Procedural Due Process Rights Have Been Violated</u>

a.    *There are no Facts Demonstrating that Menges was Denied Procedural Due Process*

Menges alleges that he has no adequate remedy or means of enforcing his Fourteenth Amendment rights other than through this lawsuit. Dkt. 39, ¶54. However, there are no facts in the Amended Complaint to support this contention, and it ignores Idaho Criminal Rules and post-conviction options. Menges alleges that he has a criminal conviction and that he pled guilty to the charge of violating Idaho Code § 18–6605. Dkt. 39, ¶¶45, 47. Court records demonstrate that he utilized both the Rule 35 (correction or reduction of sentence) and Rule 39 (uniform post-conviction procedure act) processes. Exhibit 3. There is no allegation of what additional process Menges believes that he is due. If his allegation is that his criminal conviction is now unconstitutional, he has a remedy at law to pursue that under Idaho Code § 19–4901(1) ("Any person who has been convicted of, or sentenced for, a crime and who claims: (1) That the conviction or the sentence was in violation of the constitution of the United States . . ."). In fact, as explained below, challenging the constitutionality of his conviction in this Court first is in direct contradiction to *Heck v. Humphry*, 512 U.S. 477, 486–87 (1994).

b.    *There are no Facts Demonstrating that Doe was Denied Procedural Due Process*

MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6) - 12

Doe alleges that he had no adequate remedy or means of enforcing his Fourteenth Amendment rights other than through this lawsuit.  But he omits that he had an administrative remedy in Idaho he pursued and subsequently abandoned.  He also had a right to pursue post-conviction relief in █████████ to overturn the conviction for crime against nature if he believes that the offense to which he pled guilty pre-*Lawrence* is no longer a constitutionally enforceable offense post-*Lawrence*.

Doe ignores the Sex Offender Registry's ("SOR") authority when it comes to making substantially equivalent determinations, and wants to limit this Court's review of his crime under *Lawrence* to only the charging document.  Complaint, p. 11, ¶ 37 (stating he only "plea[d] guilty to having oral sex.").

This is why the SOR has the ability to look at additional documentation listed in that rule to assist with that determination, IDAPA 11.10.03.012, all of which are legitimate sources for SOR to use to reach a determination.  ("c. The bureau may make all substantially equivalent determinations using the police report (of the incident related to the sex offense), indictment or information or other lawful charging document, judgment or order (of sex offense conviction), psychosexual evaluation report, and order of probation. (3-20-20)."  IDAPA 11.10.03.012.07.c). Because Idaho's crime against nature has been construed to include an element that the conduct was not consensual, considering these other documents permits the SOR to determine if the victim was underage or the victim did not consent for purposes of making a substantial equivalency determination.  The SOR did exactly this to determine the circumstances surrounding Doe's conviction, which indicated that Doe's conviction was not a consensual act with his victim.[12]

---

[12] *See* AR 0036–92 (administrative record reflecting agency's analysis). Doe makes no allegations in his Complaint that the act was consensual.

MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6) - 13

In evaluating whether a plaintiff has received constitutional process regarding deprivation of a liberty or property right, courts use a three-part balancing test:

> (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*Citizens Allied for Integrity & Accountability, Inc. v. Schultz*, 335 F. Supp. 3d 1216, 1224 (D. Idaho 2018) (quoting *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976)).

Doe, like all offenders whose out-of-state offenses may require registration in Idaho, received due process via the Idaho Administrative Procedures Act and Idaho Code § 67–5201, *et seq*. As the Idaho Court of Appeals has explained:

> SORA applies to "any person who ... has been convicted of any crime ... in another jurisdiction ... that is substantially equivalent to the offenses listed in [I.C. § 18–8304(l)(a), which includes I.C. §§ 18–1508 and 18–6101] and enters this state to establish residence...." I.C. § 18–8304(b). The Idaho Legislature delegated to the ISP the authority to promulgate rules to implement SORA. I.C. § 18–8304(4); *Doe v. State*, 158 Idaho 778, 782, 352 P.3d 500, 504 (2015). In turn, the ISP delegated its authority to the bureau "to issue final orders on [its] behalf in instances where the bureau determines an offender's registration requirement based upon a conviction of a substantially similar or substantially equivalent crime." IDAPA 11.10.03.003.02. The ISP regulations clearly provide that "the bureau shall determine if a person's out-of-jurisdiction conviction is substantially equivalent or similar to an Idaho sex related offense ... for the purposes of requiring a person to register in Idaho." IDAPA 11.10.03.012.08.b.
>
> <u>If an alleged sex offender disagrees with the bureau's final order determining the substantial equivalency of an out-of-jurisdiction conviction with an Idaho sex offense, his recourse is to timely appeal that order to the district court.</u>

*State v. Glodowski*, 166 Idaho 265, 457 P.3d 917, 919–20 (Ct. App. 2019), reh'g granted (June 24, 2019), aff'd, 166 Idaho 771, 463 P.3d 405 (2020) (emphasis added).  Through this process, an offender is provided with the opportunity to "formally challenge the imposition of the 'sex

offender' label in an adversarial setting." *See Neal v. Shimoda*, 131 F.3d 818, 831 (9th Cir. 1997).

The Idaho court reviewing the determination of a substantially equivalent crime may reverse that

determination if the court finds that the determination violates the offender's constitutional rights.

Idaho Code § 67–5279.

Doe is aware that he had the right to challenge his registration requirement through a

petition for judicial review in Idaho state court because he partially participated in that process.[13]

Had he allowed the court to issue a decision on review, and had Doe been dissatisfied with the

result, he could have then appealed that decision to Idaho's appellate courts.  *See generally* Idaho

Appellate Rules (I.A.R. 4).  Just because Doe chose not to pursue state court remedies does not

mean those remedies did not exist. Idaho's system would have allowed Doe to assert a liberty or

property interest and would have provided him a judicial process to determine whether that interest

could be legally deprived.  Because Doe chose not to pursue his state court remedies, there are no

facts upon which to base a determination under *Mathews* that Doe had an insufficient remedy

under state law, nor does Doe allege facts to support such a position.

Further, Doe ignores applicable remedies under ███████████ law that would alleviate

the requirement to register as a sex offender in Idaho.  Doe's complaint, although ostensibly aimed

at Idaho's Crime Against Nature statute, in reality asks this Court to provide him relief for what

he feels is an unconstitutional conviction under ███████████ law.  Doe's allegations suffer the

same *Heck* defects as Menges because what Doe is arguing is that his conviction under ███

███ law is invalid in light of *Lawrence*. ███████████ provides a remedy that would allow

Doe to challenge his conviction on the grounds that it is unconstitutional. ███████████

---

[13] Defendants request that the Court take judicial notice of the file in ███████████████████████. *See*
Exhibit 1.

MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6) - 15

█████████████  If Doe had his conviction overturned under ███████████ 's available post-conviction remedy, and the █████████ crime against nature conviction was the only basis for requiring him to register as a sex offender in Idaho, then the ███████████ post-conviction remedy would be a means of enforcing his Fourteenth Amendment rights other than through this lawsuit.  But Doe makes no allegation in his complaint as to why he is unable to receive relief from what he argues is an unconstitutional ███████████ conviction.

Both the Supreme Court and the Ninth Circuit have held that, where a "sex offender statute bases the registration and notification requirements on the sole fact of plaintiffs' convictions," an offender's procedural due process protections lie in the opportunity to contest the criminal conviction, and states are not barred by principles of procedural due process from drawing classifications based solely on the existence of a conviction.  *Doe v. Tandeske*, 361 F.3d 594, 596 (9th Cir. 2004) (per curiam) (citing *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003)).  For these reasons, Doe has failed to state a claim for a procedural due process violation.

4.      Doe and Menges Fail to State a Claim Under Substantive Due Process

Nowhere in the Amended Complaint do Plaintiffs allege that the oral sex Doe engaged in was consensual or that Menges's "sex with two other males" was consensual or with adults. *Lawrence* held only that states may not criminalize private, consensual sexual activity and specifically carved out of its holding a number of situations, including nonconsensual conduct, "persons who might be injured or coerced or who are situated in relationships where consent might not be easily refused," and cases that "involve minors."  539 U.S. at 578.  By not alleging consent or adult activity neither Plaintiff has invoked a substantive due process right.

"To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property."  *Nunez v. City of Los Angeles*, 147 F.3d

867, 871 (9th Cir. 1998). The Ninth Circuit has held that persons who have been convicted of serious sex offenses do not have a fundamental right to be free from registration and notification requirements. *Tandeske*, 361 F.3d at 597 (citing  *Washington v. Glucksberg*, 521 U.S. 702, 727 (1997)).  Further, the Ninth Circuit has held that, even if there were such a fundamental right, sex offender registration statutes like SORA are reasonably related to the legitimate, non-punitive purpose of public safety. *Id.* (citing *Smith v. Doe*, 538 U.S. 84, 102–03 (2003)).  As to the alleged rights asserted that are implicated by the requirement to register as a sex offender, Doe and Menges fail to state a claim under substantive due process.

As to any other fundamental right, Plaintiffs may attempt to import through argument, such as the right described in *Lawrence*—the right to private, consensual oral or anal sex between adults—Plaintiffs have not alleged anywhere in the amended complaint that the activity for which they were convicted was consensual or with adults.  And even if they had, the remedy for an unconstitutional conviction lies elsewhere.  Idaho law does not criminalize the activity that Plaintiffs complain of—consensual private sex amongst adults. *Gomez-Alas*, 2020 WL 5228134, at *7.  Plaintiffs cannot seek to invalidate their convictions through this collateral attack. *See Heck*, 512 U.S. at 486–87.

Plaintiffs cannot request a remedy from this Court that would cast doubt on the validity of a conviction until they show "that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, at 486–87. In fact, this entire case depends on the unconstitutionality of Plaintiffs' respective convictions under *Lawrence*.  If the Court were to rule in Plaintiffs' favor, holding that Doe and Menges cannot be required to register as sex offenders because the conduct underlying the convictions triggering the

MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6) - 17

registration requirement is protected under *Lawrence*, the Court would necessarily imply the invalidity of the respective convictions.   When a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, § 1983 is not an available remedy. *Skinner v. Switzer*, 562 U.S. 521, 533 (2011).  Therefore, Plaintiffs have failed to state a substantive due process claim, and any such claim should be dismissed.

     5.     <u>Idaho Code § 18–6605 is Not Void for Vagueness</u>

Plaintiffs do not allege that they were unaware at the time of their conduct that it would result in potentially criminal convictions.   Nor did they allege that they were unaware that they were required to register as a sex offender in Idaho.   While they allege that the law is "unconstitutional and unenforceable" and that Idaho Code § 18–6605 "coerces compliance with the law," Dkt. 39, ¶86, this allegation alone does nothing more than attempt to create a third-party standing argument.

Vagueness challenges have particular standing requirements in addition to the requirement that a plaintiff establish (1) a distinct and palpable' injury in fact (2) that is fairly traceable to the challenged provision and (3) that would likely be redressed by a favorable decision for the plaintiff. *Hunt v. City of Los Angeles*, 638 F.3d 703, 709–10 (9th Cir. 2011). In making a vagueness claim, "'[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'  In other words, to raise a vagueness argument, Plaintiffs' conduct must not be 'clearly' prohibited by the ordinances at issue." *Id.* (quoting *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18 (2010)).  "The statute should be applied to the defendant's conduct to test for vagueness because one who engages in clearly prohibited conduct cannot shift the focus by talking about how the statute is vague for someone

else's conduct." *Mintun v. Wasden*, No. CV 07-473SEJL, 2009 WL 564186, at *9 (D. Idaho Mar. 4, 2009).

The government violates an individual's due process rights if it "tak[es] away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). Courts take state court constructions of the statute into account when determining if it is vague. *See Kolender v. Lawson*, 461 U.S. 352, 358 (1983); *Winters v. New York*, 333 U.S. 507, 518–19 (1948) (considering the state appellate court's limiting construction and interpretation in determining whether a statute was impermissibly vague); *State v. Carringer*, 95 Idaho 929, 930, 523 P.2d 532, 533 (1974) (explaining, in the context of a vagueness challenge to Idaho Code § 18–6605, "that reference should be made to any authoritative judicial construction of the statute"). Courts can and should avoid constitutional vagueness challenges by properly interpreting statutes to eliminate the alleged vagueness. *See, e.g., Skilling v. United States*, 561 U.S. 358, 403–13 (2010); *United States v. Shetler*, 665 F.3d 1150, 1162 (9th Cir. 2011) (adopting construction of statute that "ensures that the statute is not unconstitutionally vague"). As the Supreme Court described it in *Skilling*, a court's duty, where possible, is "to construe, not condemn" legislation. 561 U.S. at 403. Thus, where a court can interpret a statute to eliminate the alleged vagueness problem, it should do so and reject the vagueness challenge.

Both Idaho Code § 18–6605 and SORA give ordinary people fair notice of the conduct punished and provide clear standards as to enforcement. The infamous crime against nature statute has been interpreted for over one hundred years as punishing anal and oral sex. *State v. Johnson*, 120 Idaho 408, 412, 816 P.2d 364, 368 (Ct. App. 1991) (citing *State v. Altwatter*, 29 Idaho 107, 157 P. 256 (1916)). The statute has been further construed by Idaho appellate courts as not

prohibiting private, consensual acts, but this construction "does not in any way affect the validity of I.C. § 18–6605 with respect to forced sexual activity [or] sexual acts with minors." *Holden*, 126 Idaho at 762. This construction was recently reiterated when the Idaho Supreme Court stated "Idaho's statute prohibiting the infamous crime against nature may not be constitutionally enforced to prohibit private consensual sexual conduct. With that in mind, we recognize that *Lawrence* makes clear that this constitutional protection does not apply to nonconsensual sexual acts, including sex with those incapable of consenting." *Gomez-Alas*, 2020 WL 5228134, at *6 (internal citations and quotation marks omitted). A person of ordinary intelligence would understand, given authoritative judicial constructions, that Idaho Code § 18–6605 prohibits anal or oral sex with non-consenting adults, or with minors, who are incapable of consenting.

SORA's requirements are equally clear. This Court held that a sex offender's reporting obligations are not vague, but are "in fact quite specific on their face, and thus do not implicate Due Process vagueness concerns." *Does 1-134 v. Wasden*, No. 1:16-CV-00429-DCN, 2018 WL 2275220, at *10 (D. Idaho May 17, 2018) (reversed and remanded on other grounds). An ordinary person would know what their obligations are if they are subject to registration, and that failure to do so would subject him to criminal penalties. Idaho Code § 18–8311.

As to out-of-state convictions, SORA explicitly grants authority to the Idaho State Police to promulgate rules to carry out SORA, including the substantial equivalency determination. Idaho Code §§ 18–8304(4) (authorizing "[t]he department" to promulgate rules), 18–8303(5) (defining "department" as Idaho State Police). An ordinary person who was convicted under a statute stating "If any person shall commit the crime against nature, with mankind or beast, he shall be punished as a Class I felon," ███████████████, would recognize that it "consists of similar elements" as Idaho Code § 18–6605, which states—practically identically—"Every person who is

MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6) - 20

guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years."  IDAPA 11.10.03.010.02 (defining "Substantially Equivalent" as "Any sex offense related crime, regardless of whether a felony or misdemeanor, that consists of similar elements defined in Title 18 of the Idaho Criminal Code. It does not mean exactly the same, nor exactly identical to.").  While Doe alleges that "[s]uch vagueness also contributes to unfettered discretion exercised by Defendants[,]" that is precisely the type of claim that can and should be litigated through a petition for judicial review—a process that Doe began, but voluntarily abandoned.

Plaintiffs' vagueness challenge of Idaho Code § 18–6605 and SORA fails.  Doe lacks standing to challenge Idaho Code § 18–6605 because he was never convicted of that crime. Menges's conduct in participating in oral or anal sex with minors is clearly prohibited under Idaho Code § 18–6605, and he may not now shift the focus by talking about how the statute may be vague for purpose of someone else's conduct.  SORA is clear on its face that Menges is required to register as a sex offender because he pled guilty to violating Idaho Code § 18–6605, one of the enumerated crimes requiring registration.  SORA is also clear on its face that Doe, having pled guilty to a statute that the ordinary person would know is substantially equivalent to Idaho Code § 18–6605, must also register as a sex offender.  The Court should dismiss the vagueness challenges.

6.    Menges has Failed to State a Claim that Idaho Code § 18–6605 Violates his Right to Equal Protection Under the Law

In the third cause of action, Menges alleges that there are crimes under which a person can be convicted for anal or oral sex with a minor, but is not required to register as a sex offender.  He claims that, because of this differential treatment, requiring sex offender registration for his

conviction under Idaho Code § 18–6605 violates his right to Equal Protection under the law.  But Menges fails to identify any crime "based on equivalent elements" that would not require registration.  In that way, he fails to identify similarly situated individuals who are treated differently than those in his class.

> To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. The first step in equal protection analysis is to identify the defendants' asserted classification of groups. The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. An equal protection claim will not lie by conflating all persons not injured into a preferred class receiving better treatment than the plaintiff.

*Thornton v. City of St. Helens*, 425 F.3d 1158, 1166–67 (9th Cir. 2005) (citations and quotation marks omitted).

As earlier explained, conviction under Idaho's infamous crime against nature requires more than merely participating in anal or oral sex, because the crime does not outlaw private conduct between consenting adults.  *Gomez-Alas*, 2020 WL 5228134, at *7.  Menges did not simply have anal or oral sex with consenting adults; he committed acts against two minors. For purposes of his Equal Protection claim, Menges did not identify what class he belongs in, against which the government is allegedly discriminating, but does indicate that that he believes he is being discriminated against for having a conviction for crime against nature.

Menges does not identify a similarly situated group being treated more favorably than he. He merely indicates that there are "other convictions based on equivalent elements" that do not require sex offender registration, but he does not identify those crimes.  Menges's equal protection challenge fails because he has not identified a similarly situated group being treated more favorably than he.  *See Litmon v. Harris*, 768 F.3d 1237, 1243 (9th Cir. 2014) ("The equal protection

challenge fails because neither mentally disordered offenders nor mentally disordered sex offenders are similarly situated to sexually violent predators.").

Additionally, requiring Menges to register as a sex offender passes rational basis scrutiny. Menges correctly accepts that, whatever class he claims to belong to, it is neither a suspect nor quasi-suspect class, and that the Court need only apply the rational basis test.   Dkt. 39, ¶ 93; *Litmon*, 768 F.3d at 1244 ("sex offenders do not comprise a suspect class").   Under rational basis review, the challenged statute "need only rationally further a legitimate state purpose . . . a statute is presumed constitutional, and the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it, whether or not the basis has a foundation in the record."   *Boardman v. Inslee*, 978 F.3d 1092, 1118 (9th Cir. 2020) (internal citations, quotation marks, and alterations omitted).

Sex offender registration statutes have a "legitimate nonpunitive purpose of public safety, which is advanced by alerting the public to the risk of sex offenders in their community."   *Smith v. Doe*, 538 U.S. 84, 102–03 (2003) (quotation marks omitted).   Further, "the Supreme Court has recognized that protecting children from sexual abuse and exploitation constitutes a particularly compelling interest of the government."   *United States v. Laursen*, 847 F.3d 1026, 1034 (9th Cir. 2017). Requiring an adult who commits sexual crimes against minors—like Menges—to register furthers these interests. Menges's Equal Protection rights are not violated by requiring someone convicted of committing the crime against nature against two minors to register as a sex offender.

## V.     CONCLUSION

For the foregoing reasons, and all the reasons in the Court's file, it is requested that this matter be dismissed in its entirety.

MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6) - 23

Dated this 28th day of December, 2020.

                                        STATE OF IDAHO
                                        OFFICE OF THE ATTORNEY GENERAL


                                By:   /s/   *Leslie M Hayes*
                                        Leslie M. Hayes
                                        Deputy Attorney General

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of December, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Richard Eppink
American Civil Liberties Union of Idaho Foundation
REppink@acluidaho.org

Debra Groberg
Nevin, Benjamin, McKay &Bartlett, LLP
dgroberg@nbmlaw.com

Matthew Strugar
Law Office of Matthew Strugar
Matthew@matthewstrugar.com

*Attorneys for Plaintiff*

       /s/   *Leslie M Hayes*
Leslie M. Hayes
Deputy Attorney General

MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6) - 25