UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE and RANDALL MENGES,<br><br>    Plaintiff,<br><br>    v.<br><br>LAWRENCE WASDEN, Attorney General of the State of Idaho; KEDRICK WILLS, Colonel of the Idaho State Police, LEILA MCNEILL, Bureau Chief of the Idaho State Police Bureau of Criminal Investigation; and THE INDIVIDUAL MEMBERS OF THE IDAHO CODE COMMISSION, all of the above in their official capacities,<br><br>    Defendants. | Case No. 1:20-cv-00452-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is defendants' motion to stay pending appeal. Dkt. 91. After reviewing the briefing, the Court concludes that oral argument is not necessary. For the reasons discussed below, the Court will deny the motion.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

John Doe and Randall challenge Idaho's requirement that they register as sex offenders for their pre-*Lawrence* crime against nature convictions. In September 2021, the Court granted Plaintiffs' motion for preliminary injunction, enjoining the State from requiring Doe or Menges from registering as sex offenders in Idaho. Dkt. 83. In the same order, the Court partially granted and partially denied the State's motion to dismiss. *Id.* The State has appealed the Court's decision to the Ninth Circuit and now asks the Court to stay all proceedings pending appeal.

# LEGAL STANDARD

Granting a stay is "an exercise of judicial discretion" that is "dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433, (2009). In exercising its discretion, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). But "if the petition has not made a certain threshold showing regarding irreparable harm then a stay may not issue, regardless

**MEMORANDUM DECISION AND ORDER - 2**

of the petitioner's proof regarding the other stay factors." *Doe v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) (cleaned up) (internal citation omitted). The moving party bears the burden of showing that the circumstances justify an exercise of the court's discretion. *Nken*, 556 U.S. 434.

## ANALYSIS

The State has not shown that a stay is necessary to avoid likely irreparable harm while its appeal is pending. The State identifies only one injury: that "engaging in discovery prior to the Ninth Circuit addressing the issues on appeal will create unnecessary and costly discovery to both parties." Dkt. 91 at 6. Even if, as the State suggests, the Ninth Circuit's decision is dispositive of the entire case for one or both plaintiffs, the State's only identified injury will be "the time, effort, and cost" inherent in the litigation. Dkt. 93 at 5.

The harm of engaging in routine discovery and defending a suit simply is not an irreparable injury. "Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough." *Lado v. Wolf*, 952 F.3d 999, 1008 (9th Cir. 2020) (quoting *Sampson v. Murray*, 415 U.S. 61, 90, 94 (1974)). *See also hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 993 (9th Cir. 2019) ("[M]onetary injury is not normally considered irreparable.").

The State has failed to meet its burden of establishing that it would suffer irreparable harm absent a stay of the proceedings. The Court's analysis concludes here, because if a stay applicant cannot show irreparable harm, "a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Leiva-Perez*, 640 F.3d at 965; *see also Doe v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020).

## ORDER

IT IS ORDERED that:

1. Defendants' Motion to Stay Proceedings Pending Outcome on Appeal (Dkt. 91) is DENIED.

DATED: January 24, 2022

B. Lynn Winmill
U.S. District Court Judge